### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF ILLINOIS

```
-------------------------------------------------------  X
IN RE YASMIN AND YAZ                     :    3:09-md-02100-DRH-CJP
(DROSPIRENONE) MARKETING, SALES          :
PRACTICES AND PRODUCTS LIABILITY         :    MDL No. 2100
LITIGATION                               :
                                         :    Judge David R. Herndon
-------------------------------------------------------  :
                                         :
KRISTINA ABBEY,                          :    Civil Action No.: 3:10-cv-13825
                                         :
                                         :
              Plaintiff                  :
                                         :
vs.                                      :
                                         :
                                         :
BAYER HEALTHCARE                         :
PHARMACEUTICALS, INC., ET AL.            :
                                         :
                                         :
              Defendants.                :
                                         :
                                         :
AND RELATED CASES¹                       :
                                         :
-------------------------------------------------------  X
```

### ORDER FOR ADMINISTRATION OF
### SETTLEMENTS RESOLVING CASES AND CLAIMS OF WRIGHT &
### SCHULTE, LLC'S PLAINTIFFS

**Herndon, Chief Judge:**

Upon Motion of Plaintiffs and for good cause shown, the Court hereby

Orders as follows:

---

[1] See Exhibit 1 to the movant's motion to establish a qualified settlement fund (doc. 7-1).

1.      In order to assist in the administration of the settlement of claims brought by the clients of the law firm of Wright & Schulte, LLC (formerly known as Behnke, Martin & Schulte, LLC) ("WS") (listed in Exhibit 1, including settlements that may be entered into hereafter), the Richard W. Schulte, Inc. Settlement Fund shall be established as a Qualified Settlement Fund within the meaning of Treasury Regulation Section 1.468B-1, pursuant to this Court's continuing subject matter jurisdiction over the underlying matter and consistent with Treas. Reg. Section 1.468B-1(c)(1). All settlements reached by and between Plaintiffs in state or federal litigation or Claimants who are represented by WS and Defendants shall be paid into the Richard W. Schulte, Inc. Settlement Fund.

2.      The Garretson Firm Resolution Group, Inc. d/b/a Garretson Resolution Group ("GRG") is appointed as Fund Administrator and Trustee pursuant to the terms, conditions and restrictions of the Motion to Establish Qualified Settlement Fund and Appoint Fund Administrator and said Fund Administrator is given the authority to conduct any and all activities necessary to administer this Fund as described in said Motion.

3.      The Fund Administrator is authorized to effect qualified assignments of any resulting structured settlement liability within the meaning of Section 130(c) of the Internal Revenue Code to the qualified assignee.

4.     The Fund Administrator is authorized <u>to distribute all attorney</u>

<u>fees and litigation expenses to counsel</u> for those Plaintiffs listed in the Exhibit

1, as well as with Claimants who are represented by WS in future settlements,

<u>consistent with their existing contingency fee contracts.</u>

5.     No bond shall be required, provided that all monies received by

the Fund, which includes all principal and interest earned thereon, shall be

deposited in an investment agency account held in custody at The PrivateBank

and Trust in Chicago, Illinois for the benefit of and titled in the legal name of

the Fund and invested in instruments/securities comprised of (a) United

States Agency, Government Sponsored Enterprises or Treasury securities or

obligations (or a mutual fund invested solely in such instruments) (b) cash

equivalent securities including SEC registered money market funds and

collateralized money market accounts; and (c) non-interest bearing corporate

accounts subject to unlimited Federal Depository Insurance Corporation

guarantees under recent banking and security regulations, including but not

limited to amendments to the Dodd-Frank Wall Street Reform and Consumer

Protection Act, Pub. L. No. 111-203 (which provides temporary unlimited

deposit insurance coverage for noninterest bearing accounts at FDIC-insured

depository institutions), but only for so long as there is unlimited FDIC

insurance covering the settlement funds.  The Fund shall be held at The

PrivateBank and Trust ("Bank"), a financial institution doing business in

Chicago, Illinois according to the terms and conditions of this Order, and said financial institution shall be responsible for any and all investment related decisions, following the instructions of the Fund Administrator and/or its investment advisor pursuant to these terms and conditions, such that the following investment policy is implemented; (1) safety of principal, (2) zero bank balance exposure; and the use of zero sweep disbursement accounts to ensure funds remain in custodial or fully insured accounts to avoid an impermissible risk of loss should the financial institution holding the funds fail.  Notwithstanding the foregoing, the Bank shall not be allowed to distribute any income or principal from the Fund except upon instructions of the Fund Administrator, or, if requested, upon the order of this Court upon the joint motion of the parties.  The Fund Administrator shall retain the right to remove the Bank with or without cause, in its sole and absolute discretion.  The Fund Administrator may designate a replacement bank upon the written consent of the Plaintiffs and WS.  In the event of such replacement, the terms and conditions of this investment standard, including without limitation, those addressing bond requirements, investments, and distributions from the Fund, shall apply to any such replacement bank.

6.     The Fund Administrator is authorized, upon final distribution of all monies paid into the Fund, to take appropriate steps to wind down the

fund, and thereafter the Settlement Fund Administrator is discharged from any further responsibility with respect to the Fund.

**SO ORDERED:**

Digitally signed by
David R. Herndon
Date: 2012.10.18
16:30:03 -05'00'

**Chief Judge**                                        **Date:  October 18, 2012**
**United States District Court**